# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN HENDERSON, | : | 1:12-cv-2029 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| T. CRAWLEY, | : | |
| Defendant. | : | |

## MEMORANDUM

### April 29, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (doc. 20), filed April 5, 2013, which recommends that we grant the Defendant's Motion to Dismiss (doc. 15) and dismiss the *pro se* Plaintiff's Complaint (doc. 1). Objections were due on or before April 22, 2013 and to date none have been filed. Thus, the matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety.

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the

Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.    DISCUSSION

*Pro se* Plaintiff Shawn Henderson ("Henderson") is a federal prisoner currently housed at United States Penitentiary ("USP") Lewisburg. Henderson filed a Complaint (doc. 1) initiating the above-captioned matter on October 10, 2012, alleging that the Defendant, a correctional officer at USP Lewisburg, has sexually harassed him in violation of his constitutional rights. On February 19, 2013, the Defendant moved for summary judgment (doc. 15). On April 5, 2013, Chief Magistrate Judge Carlson issued the instant R&R, recommending that the

unopposed motion to dismiss be granted in its entirety and that the *pro se* Plaintiff's claims be dismissed.

Judge Carlson first noted that by operation of Local Rule of Court 7.6, the Defendant's motion should be deemed unopposed. (Doc. 25, pp. 4-6). Judge Carlson opined that given the Plaintiff's demonstrated disregard for the procedural rules of this Court and failure to timely or otherwise oppose the motion, application of Rule 7.6 is appropriate. Judge Carlson also concluded that dismissal is proper pursuant to Federal Rule of Civil Procedure 41, which permits dismissal for failure to prosecute a claim. Fed. R. Civ. P. 41(b). After weighing the factors articulated in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863, 868 (3d Cir. 1984), Judge Carlson concluded that the larger balance of those factors weigh in favor of a finding that the *pro se* Plaintiff has failed to prosecute this matter and that the claims against the Defendant should be dismissed.[1]

Notwithstanding these procedural bases for dismissal, in the interest of abundant caution, Judge Carlson considered the merits of the Plaintiff's claims and concluded that they should nonetheless be dismissed as a result of the *pro se*

---

[1] The *pro se* Plaintiff's failure to participate in motion practice and to prosecute his claims has been pervasive and universal, transcending this litigation into other civil actions he has filed against his jailers. As recently as March 25, 2013, Henderson was admonished for his failure to abide by the Court's procedural requirements, and he has previously seen his actions dismissed pursuant to both Local Rule 7.6 and Federal Rule of Civil Procedure 41. *See Henderson v. Middlebrooks*, No. 1:12-cv-1672, Doc. 27 (M.D. Pa. Mar. 25, 2013).

Plaintiff's failure to exhaust administrative remedies. As Judge Carlson correctly observed, the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), bars prosecution of Section 1983 claims in an Article III court unless the inmate grievance process has been fully exhausted. The Defendants argued, and the Plaintiff did not contest, that his complaints have not yet been heard in the prison grievance system, an undisputed fact fatal to the Plaintiff's claims. For this reason, Judge Carlson recommends dismissal of the *pro se* Plaintiff's Complaint.

As we have already noted, neither party has filed objections to the R&R. Upon review of the parties' submissions, we agree with the sound reasoning that led Judge Carlson to the conclusions therein, and we will thus adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate order shall issue.